UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wade D. Nelson, Michael Walters, and Therese E. Szarzynski n/k/a Therese Sansalla,<br><br>          Plaintiffs,<br><br>   v.<br><br>The Bank of New York Mellon f/k/a The Bank of New York, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., and Peterson, Fram & Bergman, P.A.,<br><br>          Defendants. | Civil No. 12-1096 (SRN/SER)<br><br>**MEMORANDUM OPINION AND ORDER** |

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth St., Suite 4100, Minneapolis, Minnesota 55402, for Plaintiffs.

Alan H. Maclin, Benjamin E. Gurstelle, and Mark G. Schroeder, Briggs & Morgan, P.A., 80 South Eighth St., Suite 2200, Minneapolis, MN 55402, for Defendants The Bank of New York Mellon, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.

Jared M. Goerlitz, Peterson, Fram & Bergman, P.A., 55 East Fifth Street, Suite 800, St. Paul, MN 55101, for Defendant Peterson, Fram & Bergman, P.A.

SUSAN RICHARD NELSON, United States District Judge

     This matter is before the Court on Motions to Dismiss filed by all Defendants [Doc. Nos. 13 & 20] and a Motion to Remand filed by Plaintiffs [Doc. No. 10]. For the reasons stated below, the Court grants the Motions to Dismiss, denies the Motion to Remand, and dismisses the Amended Complaint [Doc. No. 12] with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wade D. Nelson executed a promissory note in favor of Platinum Lending Corporation and a mortgage in favor of Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") on his home in Savage, Minnesota. (Am. Compl. ¶ 1 [Doc. No. 12].) Plaintiff Michael Walters executed a promissory note in favor of Countrywide Bank, N.A., and a mortgage in favor of MERS on his home in Cottage Grove, Minnesota. (Id. ¶ 2.) Plaintiff Therese E. Szarzynski, now known as Therese Sonsalla, also executed a promissory note in favor of Countrywide Bank and a mortgage in favor of MERS on her home in Tonka Bay, Minnesota. (Id. ¶ 3.) The Amended Complaint alleges that all three of the mortgages have been transferred to a mortgage-backed securities trust, for which Defendant The Bank of New York Mellon acts as trustee. (Id. ¶¶ 16, 31, 52.) There is no indication of the role Defendant Bank of America, N.A., has played in any of the mortgages at issue. And although the Amended Complaint does not say so, all three Plaintiffs are apparently in default on their mortgage obligations. Indeed, the Amended Complaint states that two of Plaintiffs' properties have been sold at foreclosure sales. (Id. ¶¶ 48, 65.)

In addition to the bank Defendants, the Amended Complaint purports to raise a claim against the law firm of Peterson, Fram & Bergman, P.A., which ostensibly acted as The Bank of New York Mellon's agent in "wrongfully commencing foreclosure proceedings." (Id. ¶ 9.) According to the Complaint, the law firm "has not verified the legitimacy of Defendants' claims to the legal right to enforce the power of sale in

Plaintiffs' Mortgages and has commenced foreclosure proceedings notwithstanding its knowledge of other entities claiming legal title to Plaintiffs' Mortgages and Notes." (Id.)

The Complaint contains 5 counts. Count I is a "quiet title" claim, contending that Defendants' mortgage liens on Plaintiffs' properties are invalid for a host of reasons: there are unrecorded assignments of the mortgages (id. ¶ 72(a)), Defendants do not hold legal title (id. ¶ 72(b)), Defendants do not have the right to exercise the power of sale (id. ¶ 72(c)), the mortgages are not properly perfected (id. ¶ 72(d)), Defendants are "not the legal successors or assigns of the Original Lenders" (id. ¶ 72(e)), and that the notices, assignments, and powers of attorney "were not executed by an authorized individual or transfer interests that are beyond the scope of that individual's agency." (Id. ¶ 72(f)). Count II seeks a declaratory judgment as to who has the legal right to accelerate the notes and the legal right to exercise the power of sale. (Id. ¶ 78.) Count III claims slander of title, and Count IV seeks declaratory judgment, that the assignments from MERS to the mortgage-backed securities trust are void. (Id. ¶¶ 88-91.) Count V seeks another declaratory judgment that Defendants failed to comply with Minn. Stat. § 580.02 by failing to record all assignments of the mortgages, rendering the power of sale in the mortgages inoperative. (Id. ¶ 95.) Peterson, Fram & Bergman is named only in Count III, alleging slander of title.

The instant Complaint is a repackaging of allegations that Plaintiffs' attorney William Butler has brought no fewer than 32 times in this Court: that Defendants do not have valid title to the original notes for Plaintiffs' mortgages and therefore cannot legally

foreclose on their mortgages. Plaintiffs' theory has been rejected by every court to consider it, including both the Eighth Circuit Court of Appeals and the Minnesota Supreme Court. Butler v. Bank of America, N.A., — F.3d —, No. 11-2653, 2012 WL 3641469, at *3 (8th Cir. Aug. 27, 2012); Jackson v. Mortgage Elec. Registration Sys., Inc., 770 N.W.2d 487 (Minn. 2009). Indeed, every Judge in this District to have ruled on the merits of these cases has dismissed them. See Dunbar v. Wells Fargo Bank, N.A.,Civ. No. 11-3683 [Doc. No. 42], slip op. at 2 n.2 (D. Minn. Apr. 23, 2012) (Doty, J.) (listing cases).

Although the claims presented here are slightly different than the claims raised in many of Mr. Butler's previous cases, the premise underlying the claims is the same.[1] As the Eighth Circuit put it, there is "no merit in any of" the claims. Butler, 2012 WL 3641469, at *3.

> Instead, . . . [Plaintiffs'] numerous causes of action are simply an attempt to invalidate the foreclosure on [their] property based on the flawed theory [that] the mortgage and the foreclosure of that mortgage are invalid because [the bank]—the entity holding the mortgage—does not also hold the note. This theory is foreclosed by the plain language of Minnesota's foreclosure-by-advertisement statute, see Minn. Stat. § 580.02, by the Minnesota Supreme Court's decision in Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009), and by our decision in Stein v. Chase Home Finance LLC, 662 F.3d 976 (8th Cir. 2011).

Id. As the court noted, the claims of the type Plaintiffs raise here are "borderline

---

[1] The one case to survive a Motion to Dismiss is Mutua v. Deutsche Bank Nat'l Trust Co., Civ. No. 11-3761 (D. Minn. Apr. 20, 2012). In that case, Judge Schiltz denied the motion to dismiss as moot and granted a motion to remand in light of extreme and unexplained irregularities in the chain of title for one of the plaintiffs' properties. Mutua presented facts quite different from those before the Court.

4

frivolous" and do not warrant the "wasting [of] any further judicial resources." Id.

## II.    DISCUSSION

The Court ordinarily would address a Motion to Remand before Motions to Dismiss because "a court cannot rule on the merits of a claim before first satisfying itself that it has jurisdiction over that claim." Welk v. GMAC Mortg., LLC, 850 F. Supp. 2d 976, 982 (D. Minn. 2012) (Schiltz, J.). Here, however, the Motion to Remand requires a ruling on Defendants' contention that a non-diverse Defendant, the law firm Peterson, Fram & Bergman, P.A., was fraudulently joined, which in turn requires consideration of the merits of Plaintiffs' claims. Id. Thus, the Court must first determine whether any of Plaintiffs' claims have merit.

### A.     Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. As the United States Supreme Court recently stated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.    Plaintiffs' Claims**

Plaintiffs argue that "Defendants do not hold legal title to Plaintiffs' Mortgages and Notes," rendering the mortgages invalid. (Am. Compl. ¶ 72(b).) Therefore, according to Plaintiffs, Defendants cannot foreclose on those mortgages. Plaintiffs' allegations are based on their theory that the assignment of the mortgage from MERS to the mortgage-backed securities trust was invalid. But this "theory" is nothing more than unsubstantiated speculation. Plaintiffs claim that the assignments are invalid "upon information and belief," but give no indication that their "belief" is a reasonable belief, supported by any facts whatsoever. Rather, as Judge Montgomery noted in dismissing a similar complaint,

> [T]he Complaint reads like a "choose your own adventure" novel. For example, Count I alleges that "upon information and belief," the mortgage liens are invalid for at least one of five potential defects, including that the "[m]ortgages are not properly perfected," the Defendants are not "Note Holders as defined in the Original Notes," the Defendants are not entitled to receive payments "under the express terms of Plaintiffs' Original Notes and Mortgages," the documents at issue "were not executed by an authorized individual," and the "[a]ssignments of Plaintiffs' Mortgages were invalid." Compl. ¶ 40. These bald assertions do not serve as a well-pleaded

6

      complaint—none of the assertions are individualized or supported by alleged facts. Beyond alleging the undisputed facts that Plaintiffs executed notes and mortgages with Defendants, and including select language from those agreements, the Complaint fails to provide any facts necessary to render these claims plausible rather than merely possible.

Blaylock v. Wells Fargo Bank, N.A., No. 12-cv-698, 2012 WL 2529197, at *3 (D. Minn. June 29, 2012) (Montgomery, J.).

      Plaintiffs' claim that the securitization of the notes somehow makes the notes unenforceable has no legal merit. First, the basis of Plaintiffs' theory is simply incorrect: there is no provision in the notes they signed that prevents the sale of the notes to other entities, and there is nothing in the fact that the notes were securitized that would prevent their enforcement. Moreover, Plaintiffs were not parties to the pooling and servicing agreements by which their notes were pooled into mortgage-backed securities. They therefore do not have standing to challenge those agreements. Greene v. Home Loan Servs., Inc., Civ. No. 09-719, 2010 WL 3749243, at *4 (D. Minn. Sept. 21, 2010) (Frank, J.).

      Plaintiffs' "quiet title" claim is fundamentally flawed and, in the Eighth Circuit's words, "borderline frivolous." None of Plaintiffs' allegations—that the required notices were not executed by an authorized individual, that the assignments were invalid—are supported by any facts, and indeed many of the allegations are refuted by the very documents on which Plaintiffs purport to rely. Blaylock, 2012 WL 2529197, at *5; Kebasso v. BAC Home Loans Serv., LP, 813 F. Supp. 2d 1104, 1009 (D. Minn. 2011) (Doty, J.).

      Similarly, Plaintiffs' claim for slander of title has no merit. The elements of a

7

claim for slander of title are well-settled, see Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (setting forth elements of slander-of-title claim), but Plaintiffs have not even attempted to establish them. The only element Plaintiffs plead is that a statement regarding their properties was published. They do not claim, much less provide any factual support for, the other three elements: that the statement was false, that the publication was malicious, and that the publication caused them pecuniary loss in the form of special damages. Id. Plaintiffs "have failed to identify a single false statement made by Defendants, have failed to allege malice on Defendants' behalf, and have not shown how they experienced pecuniary loss as a result of the publication of the amounts due on their mortgages." Blaylock, 2012 WL 2529197, at *6. The slander-of-title claim must therefore be dismissed.

Because Plaintiffs' requests for declaratory judgments rest on the same foundation as their substantive claims, they have failed to state a claim for entitlement to a declaratory judgment.

**C. Motion to Remand**

Plaintiffs have moved to remand the action, contending that the Court lacks diversity jurisdiction because the law firm is a Minnesota resident as are all Plaintiffs. Defendants argue that the law firm was fraudulently joined and that the Court should dismiss the law firm from the action and exercise jurisdiction over the Complaint. As Plaintiffs note, a non-diverse defendant may be dismissed as fraudulently joined only "if the plaintiff's claim against an in-state defendant has no chance of success." (Pls.' Reply Mem. [Doc. No. 36] at 2 (quoting In re Guidant Corp. Implantable Defibrillators Prod.

Liab. Litig., No. 07-cv-1129, 2007 WL 5377783, at *3 (D. Minn. June 4, 2007) (Frank, J.)).) Because Plaintiffs' slander-of-title claim—the only claim Plaintiffs raise against the resident law firm—has "no chance of success," the law firm was fraudulently joined and must be dismissed from this case.

As discussed above, the basis for Plaintiffs' slander-of-title claim is that the bank Defendants did not have the right to foreclose. But those Defendants did have the right to foreclose, and Plaintiffs' claims against those Defendants fail. Thus, even if Plaintiffs had alleged specific facts about how the law firm allegedly "aided and abetted"[2] Defendants' conduct (Pls.' Supp. Mem. [Doc. No. 18] at 8), that conduct was not wrongful and thus Plaintiffs' claims against the law firm are facially meritless.

But even had Plaintiffs offered some factual support for their allegations, there can be no doubt that the law firm was fraudulently joined. Fraudulent joinder occurs when a plaintiff files "a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). Every Court in this District to have considered the situation presented here has concluded that "there is no reasonable basis in fact and law supporting a claim against the resident defendants." Id. at 810; see also Welk, 2012 WL 1035433, at *15 (finding that, because plaintiffs' "show-me-the-note theory . . . is completely frivolous . . . there exists 'no reasonable basis in fact and law' for plaintiffs to assert any claim premised on the

---

[2] There is no allegation of aiding and abetting in the Amended Complaint, and a memorandum is not the appropriate place to attempt to amend a pleading to raise a new claim.

9

show-me-the-note theory against" the non-diverse law firm).

Plaintiffs' claims against the law firm fail because their claims against all Defendants fail. Defendants were entitled to foreclose and the law firm's actions taken in furtherance of the valid foreclosures did not constitute slander of title. Thus, there is no reasonable basis supporting a claim against the law firm. The law firm's Motion to Dismiss must therefore be granted, and Peterson, Fram & Bergman must be dismissed as fraudulently joined.

### D.  Conclusion

Plaintiffs' allegations do not state a claim on which relief may be granted. The Complaint will be dismissed with prejudice, and the Motion to Remand denied as moot.

### III.  ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss [Doc. Nos. 13 & 20] are **GRANTED**;

2. Plaintiffs' Motion to Remand [Doc. No. 10] is **DENIED**; and

3. The Amended Complaint [Doc. No. 12] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 1, 2012                              s/Susan Richard Nelson
                                                                  SUSAN RICHARD NELSON
                                                                  United States District Judge